Santos Cruz Lopez

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-096-CR

SANTOS CRUZ LOPEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Santos Cruz Lopez was convicted by a jury of aggravated sexual assault.
(footnote: 2)  The jury assessed his punishment at thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine, and the trial court sentenced him accordingly. 

In two issues, Appellant contends that the evidence is legally insufficient to support his conviction and that the admission of his oral statements into evidence violated article 38.22 of the Texas Code of Criminal Procedure.
(footnote: 3)  Because we hold that the evidence is legally sufficient to support the conviction and that the trial court did not err, we affirm the trial court’s judgment.

In his first issue, Appellant contends that the trial court erred in denying his motion for directed verdict because the evidence is insufficient as a matter of law to support the conviction.  A challenge to the denial of a motion for directed verdict is a challenge to the legal sufficiency of the evidence.
(footnote: 4)   Complainant, who used the pseudonym Danzig Zavala at trial to protect her privacy, testified that one afternoon she went home from school, drank several beers, and snorted some cocaine.  Later, she and a friend decided to visit another friend at a different apartment complex.  They asked Appellant and his companions, who were in an SUV, for a ride to the apartment complex.  Neither Complainant nor her friend knew any of the men in the SUV.  After picking up Complainant and her friend, Appellant and his companions stopped at a gas station, bought some beer, and went to Appellant’s apartment complex instead of taking Complainant and her friend to their desired location.  Appellant’s apartment complex was next to Complainant’s apartment complex.  After a short time, Appellant and Complainant left the group and went up to his apartment.  They engaged in consensual foreplay, he performed oral sex on her, and she manually masturbated him.  She testified that while she was masturbating him, she became uncomfortable, so she left the apartment.  She stated that he followed her, cornered her in his apartment complex’s laundry room, locked the door, showed her his gang tattoo, told her he had guns, threatened to kill her, hit her in the head with his fist, choked her, and raped her.  She further stated that she believed his threat and was afraid that he would indeed kill her.  She identified him in person before he was arrested, later from a photospread, and again in open court during the trial.  Stipulated evidence provided that his semen was found in her vagina.  Applying the appropriate standard of review,
(footnote: 5) we hold that the evidence was legally sufficient to support the verdict.  We overrule Appellant’s first issue.

In Appellant’s second issue, he contends that the trial court erred in admitting his oral statements into evidence in violation of article 38.22 of the Texas Code of Criminal Procedure.  
Article 38.22 applies only to persons in custody.
(footnote: 6) “A person is in ‘custody’ only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.”
(footnote: 7)  The “reasonable person” is presumed to be innocent.
(footnote: 8)  A court determines whether a suspect is “in custody” on a case-by-case basis, using the following objective criteria:
  

(1) whether the officer has probable cause to arrest the suspect and does not inform him that he is free to leave;

(2) whether the officer tells the suspect about the evidence amounting to probable cause; and

(3) whether a reasonable person in the suspect's position would think that the restraint imposed against his freedom to leave equaled that involved in a formal arrest.
(footnote: 9)

Appellant contends that his 
statements were made while he was in custody.  In denying Appellant’s motion to suppress the statements and overruling his article 38.22 objection, the trial court specifically found that Appellant was not in custody at the time he made the statements.  Because the resolution of this issue involved evaluating the credibility and demeanor of the witnesses, we apply an abuse of discretion standard of review.
(footnote: 10)
 Detective Carlos Alanis testified, outside the jury’s presence at the hearing on the motion to suppress and in front of the jury at the trial on the merits, that he was called to Appellant’s apartment complex by another officer because of difficulty in identifying Appellant.  Specifically, Officer Hernandez could not find any identification on Appellant.  Hernandez testified before the jury that he told Appellant that he was not free to leave at that point; Hernandez characterized the detention as a temporary detention or non-custodial detention or arrest.  When Alanis arrived at the scene, he saw Appellant sitting on the sidewalk about ten to fifteen feet from Hernandez.  Appellant was not handcuffed or otherwise restrained.  Alanis told Appellant that he was there to identify him.  Alanis testified that at that time, Appellant was not under arrest.  Alanis asked Appellant for his name, date of birth, and social security number.  Appellant gave his name and two possible birth dates, but he could not provide a social security number.  Appellant also asked Alanis what was going on and stated that Hernandez had told him that he was being looked at for raping a girl, that he did not do it and did not know what they were talking about, and that he did not know Complainant and had never seen or spoken to her.  Alanis then informed Appellant of his constitutional rights pursuant to 
Miranda v. Arizona
(footnote: 11) and asked him when he had last had sex and whether he had had sex in the previous week.  Appellant stated that he had not had sex in the previous week, and he repeated his assertions of innocence.

With the limited identifying information provided, Alanis could not further identify Appellant.  At this time, he suggested going to the Arlington Police Department to fingerprint Appellant.  Alanis asked Appellant whether he would volunteer to go to the department; Appellant agreed.  Alanis patted Appellant down before they got in Alanis’s unmarked car; Appellant rode in the back seat with another police officer.  At the police station, Appellant’s fingerprints were taken, and he volunteered DNA samples.  After the DNA samples were collected, Appellant asked when the results would be available and accepted a ride home from Alanis.  At that point, another detective, Detective Frias, arrived with an arrest warrant for Appellant, and he was arrested.  Alanis testified that Appellant was never in custody from the first time he saw him on the sidewalk until Frias arrived with the arrest warrant. Appellant testified at trial that Hernandez had arrested him at the apartment complex.  But he also stated that he voluntarily went to the police station, submitted to fingerprinting, and gave his DNA samples. 

Based on the record before us, the trial court could have properly concluded that Appellant was not in custody at the time he made the statements at issue.  Consequently, the trial court did not abuse its discretion  in admitting the statements.  We overrule Appellant’s second issue.

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  APRIL 10, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 22.021(a) (Vernon 2003).

3:
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon 1979 & Supp. 2003). 

4:
Madden v. State
, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990), 
cert. denied, 
499 U.S. 954 (1991); 
Thornton v. State
, 994 S.W.2d 845, 849 (Tex. App.—Fort Worth 1999, pet. ref’d).

5:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995);
 Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993).

6:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.22, § 5.

7:
Dowthitt v. State
, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) (citing 
Stansbury v. California
, 511 U.S. 318, 322-25, 114 S. Ct. 1526, 1528-30 (1994)).

8:
Id. 
(citing 
Florida v. Bostick
, 501 U.S. 429, 438, 111 S. Ct. 2382, 2388  (1991)).

9:
Id.
 at 255.

10:
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Franks v. State
, 90 S.W.3d 771, 784 (Tex. App.—Fort Worth 2002, pet. ref’d, untimely filed).

11:
384 U.S. 436, 467-68, 86 S. Ct. 1602, 1624-25 (1966).